HAMITER, Justice
(dissenting).
The majority opinion on this rehearing ■concludes that the defendant, by her motion to dismiss her reconventional demand for alimony for herself, “ * * * did not seek to affect plaintiff’s demand, nor could the granting of her motion interfere with, or prejudice, the rights of the plaintiff to-secure the thing he prayed for in his petition, that is, a divorce, or impair any ‘acquired right’ of the plaintiff.” But the conclusion completely overlooks certain unusual features of the case. Thus, the issue of alimony could not have been tendered legally by plaintiff in his petition for the divorce, even if he had desired so to do, one of the several reasons being that the défendant is a nonresident of this state and it was necessary to cite her through a curator ad hoc. Further, the alimony demand here, unlike most reconventional demands, is wholly dependent upon the sue *862 cess of, is inseparably connected with, and is ancillary to plaintiff’s divorce action.
By this nonresident defendant’s appearing personally in the suit, subjecting herself to the jurisdiction of the district court for all purposes, and filing her reconventional deinand for which no replication was needed or permitted, she granted • unto plaintiff the right, not theretofore or otherwise available to him, of obtaining immediately in the courts of this state a personal judgment fully and finally adjudicating her alimony claim that is inseparably connected with and ancillary to his divorce action. Plaintiff thereby acquired an important and valuable right; and by permitting defendant to dismiss her reconventional demand his ’ acquired right will be greatly prejudiced and impaired.
For the above reasons, as well as those assigned by me on the original hearing, I respectfully dissent.